1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KYLE FRANK,                              No.  1:22-cv-00638 GSA (PC)

12                    Plaintiff,               ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
13          v.
                                               ORDER RECOMMENDING DISMISSAL
14    ORAJEL, et al.,                          FOR FAILURE TO OBEY COURT ORDERS
                                               AND FOR FAILURE TO KEEP COURT
15                    Defendants.              APPRISED OF CURRENT ADDRESS

16                                             PLAINTIFF'S OBJECTIONS DUE IN
                                               FOURTEEN DAYS
17

18
          Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this
19
   civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United
20
   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
21
          For the reasons stated below, the undersigned will recommend that this matter be
22
   dismissed for failure to keep the Court apprised of his current address and for failure to obey
23
   court orders.  See ECF Nos. 10, 11.  Plaintiff will have fourteen days to file objections to this
24
   order.
25
          I.      RELEVANT FACTS
26
          Plaintiff's last interaction with the Court was on July 8, 2022, when he filed a notice of
27
   change of address with the Court.  See ECF No. 9.  As a result, on July 29, 2024, given the
28
                                              1

1    amount of time that had passed and prior to screening Plaintiff's complaint, the Court ordered

2    Plaintiff to file a notice of current address.. See ECF No. 10 (minute order).  Plaintiff was given

3    seven days to comply with the Court's order.  See id.

4        Plaintiff failed to timely respond to the Court's order.  As a result, on March 3, 2025, the

5    Court issued an order directing Plaintiff to show cause why this matter should not be dismissed

6    for failure to obey a court order.  ECF No. 11.  As an alternative to filing the showing of cause,

7    Plaintiff was permitted either to file a verification of his current address with the Court, or file a

8    notice of change of address.  Id. at 2.  Once again, Plaintiff was given seven days to comply with

9    the Court's order.  Id.

10        On March 13, 2025, the Court's order was returned marked, "Undeliverable, Return to

11    Sender, Refused, Unable to Forward, Paroled."  See 3/13/25 docket entry.  Based on this, under

12    the Local Rules, Plaintiff had thirty days to file a notice of change of address.  To date, however,

13    Plaintiff has not done this, nor has he requested an extension of time to do so.

14        II.    APPLICABLE LAW

15            A.  Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

16        Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails

17    to prosecute or he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110

18    also permits the imposition of sanctions when a party fails to comply with a court order.  L.R.

19    110.

20        Local Rule 182(f) permits service to be effective service at a prior address if a party fails

21    to notify the Court and other parties of his address change.  Id.  Finally, Local Rule 183(b) gives a

22    party who appears in propria persona a period of time to file a notice of change of address if some

23    of his mail is returned to the Court.  Id.

24            B.  Malone Factors

25        The Ninth Circuit has clearly identified the factors to consider when dismissing a case for

26    failure to comply with a court order.  It writes:

27        A district court must weigh five factors in determining whether to dismiss a case
       for failure to comply with a court order:  "(1) the public's interest in expeditious

28

2

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III.    DISCUSSION

A. Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This Case

Although the docket indicates that Plaintiff's copy of the order which directed him to file a notice of current address with the Court was returned, Plaintiff was nevertheless properly served. It is a plaintiff's responsibility to keep a court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. The fact that Plaintiff failed to file a notice of change of address with the Court by itself warrants the dismissal of this matter, in accord with Rule 41(b) and Local Rules 110 and 183(b).

B. Application of Malone Factors Supports the Dismissal of This Case

1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given sufficient time to file a notice of change of address with the Court. Yet, he has failed to do so, nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

1  Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that

2  keeping this case on the Court's docket when Plaintiff has not attempted to file a notice of current

3  address with the Court is not a good use of the Court's already taxed resources.  Indeed, keeping

4  this matter on the Court's docket would stall a quicker disposition of this case.  Additionally, in

5  fairness to the many other litigants who currently have cases before the Court, no additional time

6  should be spent on this matter.

7                    2.   Risk of Prejudice to Defendants

8        Because no viable Defendants have yet to be identified and served in this case, no

9  defendant has put time and effort into defending against it.  As a result, there will be no prejudice

10  to anyone other than Plaintiff if the matter is dismissed.  On the contrary, dismissal will benefit

11  any potentially viable Defendants because they will not have to defend themselves against

12  Plaintiff's complaint.

13                    3.   Availability of Less Drastic Sanctions; Favored Disposition of Cases on

14                         Merits

15        Finally, given that Plaintiff has had sufficient time under the Local Rules to file a change

16  of address[2] since its order directing Plaintiff to file a notice of current address with the Court

17  issued, without the filing of a notice of new address by Plaintiff, there is no less drastic option

18  than dismissal.  Although the disposition of cases on their merits is preferred, this matter cannot

19  be prosecuted without a current address for Plaintiff and without participation by Plaintiff, nor

20  can it be disposed of on its merits.

21        IV.   CONCLUSION

22        For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules

23  110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends

24  that this matter be dismissed without prejudice for failure to obey a court order and for Plaintiff's

25  failure to keep the Court apprised of his current address.  Despite the fact that Plaintiff cannot be

26  located and that no viable Defendants have been identified and served, a period of fourteen days

27

28  [2]  In 2025, the period that a litigant appearing in propria persona has to file a notice of change of address was reduced from sixty-three days to thirty days.  See Local Rule 183(b).

4

1    will be given for Plaintiff to file objections to this order.  Should this order be returned to the

2    Court marked undeliverable before the end of the fourteen-day period, the District Judge that will

3    be assigned to this action may dismiss it immediately.

4            Accordingly, IT IS HEREBY ORDERED that:

5            1.  The Clerk of Court shall randomly assign a District Judge to this action;

6            IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice

7    for Plaintiff's failure to obey a court order and for his failure to keep the Court apprised of his

8    current address.  See Fed. R. Civ. P. 41(b); Local Rule 110.

9            These findings and recommendations are submitted to the United States District Judge

10   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11   after being served with these findings and recommendations, Plaintiff may file written objections

12   with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

13   and Recommendations," and it shall not exceed fifteen pages.

14           The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff

15   wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its

16   CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in

17   excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28

18   U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file

19   objections within the specified time may result in the waiver of certain rights on appeal.  See

20   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

21   Cir. 1991).

22

23

24   IT IS SO ORDERED.

25      Dated:    __June 2, 2025__            _____ /s/ Gary S. Austin_____
                                                 UNITED STATES MAGISTRATE JUDGE
26

27

28

                                                5