UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE FRANK,<br><br>            Plaintiff,<br><br>       v.<br><br>ORAJEL, et al.,<br><br>            Defendants. | No.  1:22-cv-00638-KES-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. 13 |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 2, 2025, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed without prejudice due to plaintiff's failure to obey court orders and failure to keep the Court apprised of his current address as required by Local Rule 183(b).  Doc. 13.  Specifically, the magistrate judge found that the relevant factors—that is, the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions—weigh in favor of dismissing the case without prejudice as a sanction for plaintiff's failure to obey court orders and failure to comply with the local rules.  *Id.* at 3–4 (applying *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir.

1

1987) (failure to comply with a court order)); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (failure to prosecute based on noncompliance with local rule). The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service. Doc. 13 at 5. To date plaintiff has not filed objections to the findings and recommendations, and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court finds that the conclusion that the relevant factors support dismissal of this case without prejudice for failure to obey court orders and failure to comply with Local Rule 183(b) is supported by the record.

As the findings and recommendations correctly note, the first two factors weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket, nor can the litigation be expeditiously resolved, as plaintiff has failed to keep the Court apprised of his current address. *See Carey*, 856 F.2d at 1441 ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").

As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also Carey*, 856 F.2d at 1440, 1441 (rejecting argument that an approximately two-month delay was not unreasonable where plaintiff failed to keep court apprised of current address). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).

2

Finally, there is little else available to the Court that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action."). Without plaintiff having updated his current address, this matter cannot be prosecuted, nor can it be disposed of on its merits.

Accordingly:

1. The findings and recommendations issued June 5, 2025, Doc. 13, are adopted;
2. This matter is dismissed without prejudice for failure to obey court orders and failure to comply with Local Rule 183(b); and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 5, 2025

UNITED STATES DISTRICT JUDGE

3